## THE PEOPLE *ex rel.* F. E. Hinckley

*v.*

## A. F. PIRFENBRINK.

*Filed at Ottawa October 1, 1879.*

1. CONTEMPT—*sufficiency of judgment.* A judgment or order of court, that a defendant stand committed to the county jail until the further order of the court, and awarding a *mittimus* for that purpose, for a contempt in refusing to obey a previous order of the court that he surrender books, etc., in his hands as receiver to his successor, is illegal and void, and will not justify the imprisonment of the defendant.

2. SAME—*power to review judgment of committal.* If a committal for a contempt of court is for a definite period, or until the defendant shall perform a specified act, the judgment will be capable of being reviewed on error, but when the order of commitment is until the further order of the court, the appellate

court can not know the duration of the imprisonment and determine whether the confinement is reasonable, or is oppressive and wrong.

3. HABEAS CORPUS—*no discharge for mere error.* If an order of commitment for a contempt of court is simply erroneous, this court has no power to discharge the prisoner on *habeas corpus.* In such case error or appeal is the only remedy, but it is otherwise when the judgment and process are void.

4. Thus, where an order and *mittimus* for the imprisonment of a party were not for any definite period, or until he should perform some act required of him, it was held, that the order and process were too indefinite, and were void, and the prisoner was discharged.

5. JUDGMENT—*must be specific and certain.* All judgments must be specific and certain. They must determine the rights recovered or the penalties imposed, and be such as the defendant may readily understand and be capable of performing.

This was an application for a writ of *habeas corpus* by F. E. Hinckley, to be discharged from imprisonment in the county jail of Will county.

Mr. J. L. HIGH, and Mr. G. W. KRETZINGER, for the relator.

Mr. C. BECKWITH, Mr. L. G. PRATT, and Mr. GEORGE S. HOUSE, for the respondent.

Per CURIAM: On the 20th day of September, 1879, it appears that the attachment and other papers under which Hinckley had previously been arrested for a contempt, were returned, and he was brought into court. This process had then served its purpose and became *functus officio.* Hence there is no necessity to discuss or determine whether his previous arrest was legal or not. But the question does arise, whether the order entered on that day for his commitment was legal, or irregular and void. The court seems to have heard evidence, and adjudged Hinckley to be in contempt for refusing to surrender the books, papers and money in his hands, as receiver of the railroad, to the receiver who succeeded him in the management of the road. By that order he was adjudged to stand committed in the county jail until the further order of the court, and it ordered that a *mittimus*

should issue for that purpose. And the sheriff returns that he holds him under that writ.

It is contended that this judgment is too indefinite to be legal or binding. It does not order the committal of Hinckley for a specified time, or until he should surrender the books, papers, money, etc., or until he should render his account as receiver of the railroad, or until he should perform some other act. It, in effect, was a commitment during the pleasure of the court. And it was not a commitment to compel a surrender of the property or in aid of the attachment, as that proceeding had ended. It was an imprisonment for disobeying the order of the court, as punishment for contempt for so refusing. Being for punishment, and not to aid in enforcing any previous order of the court, as the attachment proceeding had come to an end, and writs of assistance had been issued requiring the sheriff to deliver the books, papers, etc., it must stand or fall by its own inherent force.

All judgments must be specific and certain. They must determine the rights recovered or the penalties imposed. They must be such as the defendant may readily understand and be capable of performing. If his committal had been for a definite period, or until he should perform a specified act, then the judgment would have been capable of being reviewed on error, but on such a judgment as this, the appellate court can not know the duration of the imprisonment, and determine whether the confinement is reasonable, or is oppressive and wrong. Whether it is to extend to days, weeks, months, years, or for life, none can certainly know. That is still in the breast of the judge, and is, by its terms, to be determined in the future,—not on a trial or on the performance of any act, but it depends alone on the will of the judge. Had this order been simply erroneous, we could have no power to discharge. In such a case, error or appeal is the only remedy, but it is otherwise where the judgment and the process are void.

In the case of *The King.* v. *James*, 5 Barn. & Alderson, 894,

(7 Eng. Com. L. R. 293,) petitioner had been committed by two justices of the peace for a contempt in the presence of the court, until he should be discharged by due course of law. It was there held that the warrant was bad because he was not committed for a time certain.

The *mittimus* in the case at bar is as indefinite and uncertain as in that. If that was void for uncertainty, this must be. We think that decision is correct on principle, and the rule there announced must govern this case. We must hold that the order and *mittimus* in this case are too uncertain to be sustained, and are void.

. This process being defective in a substantial requirement of law, we are authorized and required to discharge the prisoner, under the third clause of the 22d section of the *Habeas Corpus* act.

We express no opinion as to the power to appoint or remove receivers by the judge in vacation, or to issue writs of attachment and try persons for contempt in vacation, as that question is not before us for determination.

The prisoner is discharged.

*Prisoner discharged.*