Clark v. Parker.

| 70 | 233 |
|----|-----|
| 86 | 236 |

## Wallace C. Clark v. W. H. Parker et al.

1. CONTEMPT OF COURT—*Classes of*—*Civil Contempts Defined.*—The main division of acts of contempt is into those which are criminal and those which are civil. A civil contempt is a failure or refusal of a party to do something which the court has ordered to be done by him for the benefit or advantage of another party to the cause. The order in such case is not punitive but coercive.

2. SAME—*Length of Commitments for Civil Contempts.*—An imprisonment for a contempt of an order in a civil proceeding where the process is for the benefit of the adverse party, should terminate upon the compliance by the contemner with the requirements of the order. A court has no power to order a commitment for a definite time in such a case.

**Assignment Proceeding.**—Order of commitment for contempt of court. Appeal from the County Court of Cook County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 24, 1897.

WILBUR N. HORNER, attorney for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

For failure to comply with an order of court previously entered requiring the appellant to pay to the appellees certain money claims ascertained to be due by him to them, out of funds found to be in his hands as assignee of the Southern Hotel Company, the appellant was adjudged to be in contempt, and it was thereupon ordered that "he be and he is hereby committed to the county jail of Cook county for a term of thirty days for his willful failure and refusal to comply with the said order of this court," and that a mittimus issue, etc.

This appeal is from such order.

It will be observed that the order of commitment is for a definite term, irrespective of whether the contemner complies with the violated order or not. There is no authority for such a commitment in a case of this character. The main division or classification of acts of contempt is into those which are criminal and those which are civil.

This case belongs to the latter class, which consists in the refusal of the party to do something which the court has ordered to be done by him for the benefit or advantage of another party to the cause; in which case he may stand committed until he complies with the order. The order in such case is not punitive, but coercive. Rapalje on Contempts, Sec. 21; Phillips v. Welch, 11 Nev. 187; In re Chiles, 22 Wall. 157, 168; Stimpson v. Putnam, 41 Vt. 238, 249.

Blackstone, Book IV, Chap. 20, under the head of "Summary Convictions," in enumerating the different species of contempts, mentions:

Clark v. Parker.

" 6.   Those committed by parties to any suit or proceeding before the court: as, by disobedience to any rule or order made in the progress of any cause; by non-payment of costs awarded by the court upon a motion; or by a non-observance of awards duly made by arbitrators or umpires, after having entered into a rule for submitting to such determination.   Indeed the attachment for most of this species of contempts, and especially for non-payment of costs, and non-performance of awards, is to be looked upon rather as a civil execution for the benefit of the injured party, though carried on in the shade of a criminal process for a contempt of the authority of the court."

It follows logically that if the process be for the benefit of the adverse party, the moment he become ssatisfied the imprisonment should terminate, and should terminate by force of the fact of satisfaction.

The commitment should not have been for thirty days absolutely, which is appropriate only when the order is intended to be and is rightfully for a punishment.

But the contempt consisting, not in doing a forbidden act, for which the process was intended to be and might rightfully be punitive in character, but, being purely civil, to compel restitution or performance to the party injured, the commitment should in terms have been for a time no longer than until he should perform the act required of him.

The precedents in cases of commitment for a civil contempt, wherever we have been able to see them, provide for the commitment being in terms either until the contemner performs, or for a definite time or until he performs.   See authorities above cited, and also Ex parte Smith, 117 Ill. 63, 64; People v. Pirfenbrink, 96 Ill. 68, 70; Beach on Modern Eq. Pr. 1334–5; Rapalje on Contempts, 240, 245, 251, 252.

The argument of appellant, that he is not guilty of contempt, has not satisfied us; but the order committing the appellant to jail for thirty days absolutely is reversed, and the cause remanded.