## H. C. Billingsley v. The People, etc., ex rel.

86    233
101   ³569

1. APPELLATE COURT PRACTICE—*Duty of Counsel to Aid the Court.* —Courts are entitled to a conscientious and earnest effort on the part of counsel to aid them in the decision of cases, and it can not be said that this duty is performed in a matter so important as is the case at bar, in which the liberty of a citizen is involved, when counsel do not by their briefs discuss the law or cite a single authority on the questions raised.

2. CONTEMPT—*Erroneous Order of Commitment.*—An order of court committing a person to jail for contempt, in refusing to obey a decree which does not give the person committed the right to purge himself by the performance of the decree, is erroneous.

3. SAME—*Punishment to be Specifically Defined.*—The punishment inflicted upon a person for a contempt, in refusing to obey a decree of court, should be clearly and specifically defined by the order inflicting it.

**Attachment for Contempt.**—Appeal from the Circuit Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed January 4, 1900.

ELMER BISHOP, attorney for appellant.

FREDERICK S. BAKER, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

The Circuit Court of Cook County, in the case of Preis v. Billingsley, the appellant here, on June 20, 1898, after a hearing upon the master's report and evidence of the par-

ties, entered a decree finding in substance that appellant was indebted to Preis for money loaned, to secure which he delivered to the latter certain whisky, which was afterward, though wrongfully and fraudulently, replevied by Billingsley and in his possession at the time of the appointment of the receiver in that case; that on January 4, 1898, an injunction in the case was served upon appellant restraining him from selling or disposing of the whisky; that after the service of the writ of injunction upon him, appellant had the whisky in his possession and control, and that the receiver made a demand upon appellant to turn over to the former the whisky; but appellant failed and refused to comply with such demand, and the court therefore decreed that the injunction be made perpetual; that appellant turn over to the receiver the said whisky within two days from the entry of the decree; that within five days appellant pay to said Preis the amount due to him, including costs, amounting to $400.75, and that upon payment of that amount that the receiver surrender said whisky to appellant without further order of the court. From this decree appellant appeals to this court, but the appeal was dismissed for failure on his part to perfect the appeal in accordance with the statute.

Subsequently proceedings for contempt were instituted in the cause against appellant for failure to comply with the decree of June 20, 1898, which, after a full hearing, resulted in an order as follows :

" Ordered that the said Billingsley be committed to the common jail of Cook county, Illinois, there to remain until he shall have complied with the order and decree of this court, entered herein on the 20th day of June, A. D. 1898, requiring him to turn over to receiver herein the said goods mentioned in said decree, to-wit, thirty-five cases of Belle of Bourbon whisky and one barrel of Belle of Bourbon whisky. Further ordered that warrant of commitment issue for that purpose and that sheriff of said county be and he is hereby directed to take him, the said Billingsley, into his custody forthwith, and discharge him from custody when he, the said Billingsley, shall have complied with the terms of this order."

From this order the appeal herein is taken.

It appears from the record of the proceedings for contempt against appellant, that the court granted time to appellant on several occasions to enable him to comply with its decree directing him to pay the amount found to be due, but that he failed and refused to pay the same, or any part thereof; and it appears from his answer to the rule upon him to show cause why he should not be attached for contempt, that he had no money or property with which to satisfy said decree, and that prior to the appointment of the receiver he had disposed of said whisky and had not had the same in his possession since the filing of the original bill.

It is contended that the order of commitment is vague and indefinite as to the term of imprisonment, and that appellant should thereby have had the alternative of satisfying the decree by the payment of money, as was his right under the original decree.

The briefs and arguments of counsel on both sides are of no aid to the court beyond mere statements as to what is shown by the record. Not a single authority is cited in either. Such gross dereliction of duty on the part of counsel can not be too severely condemned. Courts are entitled always to a conscientious and earnest effort on the part of counsel to aid them in the decision of cases, and it can not be said that this duty is performed in a matter so important as is the case at bar, in which the liberty of a citizen is involved, when counsel do not by their briefs discuss the law or cite a single authority on the questions raised.

We are inclined to the opinion that the order committing appellant is erroneous, first, in that the term of imprisonment inflicted is indefinite, and second, in not giving appellant the right to purge himself by the payment of the amount found to be due. Even though the whisky in question was in the possession and control of appellant after the service of the writ of injunction upon him, as found by the court, it may be true that appellant had placed it entirely beyond his power to comply with the order, by disposing of the

whisky previous to the time of the order of commitment, and that he justly merited a severe punishment for such conduct; but such punishment should be clearly and specifically defined by the order inflicting it. It is not definite as to time, when he is committed until he should turn over the whisky. He may not be able to do that for many reasons which might be assigned. It nowhere appears from the record that the whisky was in appellant's possession, power or control at the time the order was entered. If it was not, the imprisonment might be, under the terms of the order, for the term of appellant's natural life.

It also seems unreasonable and unjust to make the contempt order narrower than the original decree, which provides that appellant should be entitled to the property in question upon the payment of the money found due in the decree. The contempt is a civil contempt, and to enforce obedience to the decree of the court, which would be as well and satisfactorily complied with by the payment of the money to secure which the property was pledged by appellant. At the time the order of commitment was entered, it is true appellant showed that he had no money with which to pay, nor property from which could be made, the amount he was directed by the decree to pay, but the next day, or even before he could be lodged in prison, he might be able to get the money to pay. It seems oppressive that he should not be allowed this privilege in order to avoid imprisonment.

From such examination of the questions involved as we have been able to make, we think our view as to the indefinite nature of the order is sustained by the precedents. People v. Pirfenbrink, 96 Ill. 68; Berkson v. The People, 51 Ill. App. 109; Clark v. Parker, 70 Ill. App. 234; Kyle v. People, 72 Ill. App. 181; Solomon v. Holdom, 72 Ill. App. 351; Rapalje on Contempt, Sec. 137; Howard v. The People, 3 Mich. 208; Gurney v. Tufts, 37 Me. 135; People v. Markam, 7 Calif., 209.

In the Pirfenbrink case, *supra*, which was habeas corpus, it was held that an order committing the relator to the

county jail until the further order of the court for contempt in refusing to obey an order of the court to turn over certain books, was void.  The court said that if the committal had been for a definite period, or until he should perform a specified act, then the judgment would have been capable of being reviewed on error; also that judgments of this kind " must be such as the defendant may readily understand and be capable of performing."

In the Berkson case, *supra,* an order of commitment which found that the relator had in his possession, at the time the order was entered, a certain sum of money which it was his duty to turn over to the receiver in the case, was held to be definite and certain, and was affirmed.

In the Kyle case, *supra,* this court, in speaking of an order which fined the relator, for contempt, the sum of $250, directed him to pay the same, and in default of payment that he be imprisoned for sixty days, and until discharged by due process of law.

Mr. Justice Adams, delivering the opinion, said :

" The judgment in such case, after the words ' $250,' should be that the defendant be committed to jail, there to remain until the fine and costs are fully paid or he be discharged according to law, or words of like import," and held that on the judgment as rendered, relator would have had to remain in jail sixty days, even though willing to pay his fine the next day after commitment, and in addition would be liable for the amount of the fine.

In the section above cited from Rapalje, the author says that it should appear from an order of commitment for contempt " that it was in the defendant's power to perform the required act, or else the commitment will be void."

In the Markam case, *supra,* which was a commitment until a certain fine was paid, it was held " the judgment should have specified the term of imprisonment."

In the Howard case, *supra,* a judgment that the defendant pay a fine and stand committed until the same was paid, was held erroneous because the term of imprisonment was indefinite.

We are of opinion that the order here in question, in addition to the commitment until the appellant turn over the whisky, should also have provided that he could be released upon the payment by him of the money which the original decree provided he could pay, and then be entitled to the possession of the whisky, and should have the further disjunctive clause, " or he be discharged according to law," or words of like import.

Because the order is indefinite and unreasonable in the respects indicated, the judgment is reversed and the cause remanded.