Bonney v. Bonney.

---

## Margaret A. Bonney v. Charles L. Bonney.

1. ALIMONY—*Where the Installments of, Are Evidenced by Promissory Notes.*—Where promissory notes are given for and merely to evidence installments of alimony, the court has ample power to enforce their payment by attachment for contempt, notwithstanding the party aggrieved has a remedy at law by suit on such notes.

**Petition to Enforce a Decree for Alimony.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded, with directions. Opinion filed November 21, 1901.

**Statement.**—December 19, 1899, the appellant, formerly the wife of appellee, obtained a decree of divorce from appellee on the ground of extreme and repeated cruelty. The court found, by the decree, that the parties had three children, the issue of their marriage, namely : Charles V. Bonney, aged sixteen years and three months; Margaret A. Bonney, aged thirteen years and eleven months, and Pauline Bonney, aged ten years and two months. The subjects of care and custody of the children, alimony, etc., were, by the decree, reserved for further consideration. On the same day the parties came again before the court, and an

order was entered, which, after reciting the rendition of the
decree above mentioned, proceeds as follows:

"And the court having heard evidence touching said sub-
jects, and the arguments of counsel, and being fully advised
in the premises, finds that the complainant and defendant
have reached an agreement as to the amount of money which
the defendant shall pay and the particular property which
he shall convey to some third person and the notes which
he shall give to said third person by way of permanent
alimony and for her maintenance and for the support and
education of the said three children of said parties, namely,
Charles Valerian Bonney, Margaret Ada Bonney and
Pauline Bonney; and further finds that the defendant has
paid the complainant the money and has conveyed to James
Dwight Lamb, for the benefit of the complainant and the
said three children, the real estate and property and
notes called for by said agreement, and that the said
defendant has in all respects fully complied with said agree-
ment. It is therefore ordered, adjudged and decreed by
the court that the complainant have and take the said
money and the proceeds of said real estate and notes
executed by the said defendant in pursuance of the agree-
ment between the complainant and the said defendant for
alimony and for her maintenance and for the support and
education of their three children, as for her permanent
alimony and in full satisfaction of all her demands upon the
defendant, and right to call upon him for alimony and
maintenance of herself and said children; and that the com-
plainant be and that she is charged with the care, support
and education of the said three children of the parties
hereto, namely, Charles Valerian Bonney, Margaret Ada
Bonney and Pauline Bonney, and the complainant is also
charged with the custody of the two daughters aforesaid,
and the defendant be and he hereby is permitted to retain
the custody of the son of said parties hereto, namely,
Charles Valerian Bonney."

December 29, 1900, appellant filed her petition in the
Circuit Court, entitled as in the divorce suit, alleging in
substance that the agreement in respect to alimony, which
the court, by the order of December 19, 1899, had found
was fully complied with, was that appellee would join with
appellant in conveying to her brother-in-law, James Dwight
Lamb, thirty-one lots in the city of Chicago, and would pay

Bonney v. Bonney.

to appellant $2,500 in money, and execute to James Dwight Lamb his, appellee's, four promissory notes, each for the sum of $2,500, and due, respectively, in six, twelve, eighteen and twenty-four months from date, for alimony for herself and for the care, support and education of the three minor children; that the conveyance by appellant and appellee to Lamb was executed accordingly, and that, December 20, 1899, the four notes, each for $2,500, were executed and delivered to Lamb, payable as aforesaid, and were signed by "Bonney Bros," a firm composed of Charles L. Bonney and Lawton C. Bonney, brother of Charles L., and the cash payment of $2,500 was made; but that neither the first note, due June 20, 1900, nor the second note, due December 20, 1900, nor any part of either of said notes has been paid, and that appellee refuses to pay either of said notes, or any part thereof; that appellee is able to pay the notes, but has so managed his affairs that appellant can not say she can collect the notes by process of law, and to do so would put her to great cost and expense; that she has no money or means of support, except to burthen the thirty-one lots, which in the present condition of the market are not worth to exceed $13,000, and being vacant property, could not be hypothecated for more than one-quarter of that sum, and being her own property she is not willing to incumber them for the support and education of her minor children, when the obligations imposed upon said Charles L. Bonney by said four notes solemnly agreed to be paid, and accepted under the decree of the court in faith that they would be paid as they matured, and in reliance that their payment would be enforced by the summary process of the court if there was any failure to pay, makes it incumbent upon him, Charles L. Bonney, to support his children ; that Charles L. Bonney is living in luxury, while appellant and her children are in want. The petition contains other allegations, tending to show the needy circumstances of appellant, and concludes by praying that appellee be ruled to answer the petition, and to show cause why he should not be attached for contempt, etc. The petition is verified by appellant's

affidavit. An amendment to the petition was filed, which we deem it unnecessary to refer to. January 7, 1901, the petitioner moved the court to redocket the cause and for a rule on appellee, as prayed by her petition, and January 15, 1901, the court entered an order overruling the motion, on the ground that the appellant's only remedy is by suit on the notes, and dismissed the petition.

THOMAS S. MCCLELLAND, attorney for appellant.

LYMAN M. PAINE, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellee, Charles L. Bonney, resists the petition of appellant on the grounds that a decree for alimony, by consent, is binding on the parties, and that the court is powerless to set such decree aside. Both these propositions may be conceded without affecting the question presented by the record. Appellant does not contend that the decree is not binding, nor does she seek any alteration or modification of it. Her contention is, that the decree is, in substance, for the payment of the notes mentioned in it, and described in her petition, as they should mature; that the decree is for money and not merely for paper, and so construing the decree, she seeks its enforcement. The question, therefore, is as to the proper construction of the decree.

The decree provides:

"It is therefore ordered, adjudged and decreed by the court, that the complainant have and take the said money, and the proceeds of said real estate and notes, executed by the said defendant, in pursuance of the agreement between the complainant and the said defendant, for alimony and for her maintenance, and for the support and education of their three children, as and for her permanent alimony, and in full satisfaction of all her demands upon the defendant, and right to call upon him for alimony and maintenance of herself and children; and that the complainant be and she is charged with the care, support and education of the said three children," etc.

Thus it appears from the very letter of the decree that

appellant is to take as alimony the proceeds of the notes; not merely the notes themselves, as contended by appellee. The decree is, in substance, for the payment by appellee of the amounts evidenced by the notes, at the times of their maturity, respectively. The object of the decree is to provide for the maintenance and support of appellee, and for the care, support and education of the minor children of the parties, which object can only be attained by the payment to appellant of the money evidenced by the notes. In the absence of the provision in the decree charging the appellant with the care, support and education of the three minor children, their care, support and education would have devolved on appellant; but the court, because of so charging appellant, decreed her, as an equivalent, the lots, money and proceeds of the notes referred to in the decree, and described in appellant's petition. Plaster v. Plaster, 47 Ill. 290.

The notes merely evidence installments of alimony, decreed to be paid, and the court has ample power to enforce payment of such installments by attachment for contempt, as prayed by appellant in her petition. Wightman v. Wightman, 45 Ill. 167; O'Callaghan v. O'Callaghan, 69 Ib. 552.

It appears from appellant's sworn petition that appellee is able to pay the amounts evidenced by the matured notes, and that he refuses to pay any part of such amounts. The decree of January 15, 1901, overruling appellant's motion to redocket the cause and dismissing her petition, will be reversed and the cause remanded with directions to redocket the cause and enter a rule requiring appellee to show cause, etc., and for further proceedings in accordance with this opinion.    Reversed and remanded with directions.