## Conrad Czarra v. Babette Czarra.

### Gen No. 12,324.

1. COMMITMENT FOR CONTEMPT—*what order for, need not provide.* An order committing for contempt for failure to comply with a decree of court need not fix a definite period of imprisonment but may provide that such imprisonment shall continue until compliance be made.

Divorce proceeding. Appeal from Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed March 1, 1906.

TYRRELL & FELLINGHAM, for appellant; J. S. DUDLEY, of counsel.

FREDERICK A. BROWN, for appellee; E. E. LEDBETTER, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The appellee, August 19, 1903, obtained a divorce from appellant for extreme and repeated cruelty, and by agreement between the parties it was decreed that appellant should pay to appellee the sum of $65 per month, on the 14th of every month after August 19, 1903. Subsequently, it having been made to appear to the court that appellant had failed to pay $260 of the alimony to be awarded, the court entered a rule requiring the appellant to show cause why he should not

be attached for contempt. The appellant filed a verified answer to the rule, and certain affidavits, and the matter was heard on said answer and affidavits and the affidavit of appellee, and the court entered an order, which, after certain recitals not necessary to be here stated, ordered as follows: " It is therefore ordered that said defendant, Conrad Czarra, be committed to the common jail of Cook county, Illinois, there to remain, charged with said contempt of this court, until he pay the sum of two hundred and sixty ($260.00) dollars into this court for the use of the complainant, or until released by due process of law; and that a warrant for the said commitment issue forthwith, directed to the sheriff of said Cook county, Illinois, to execute."

The contentions of appellant are, that the court on passing on the rule to show cause, limited the inquiry to appellant's financial ability to comply with the decree, that failure to make payments of alimony, as decreed, was owing to financial disability, and that the order of commitment is invalid, in not fixing a definite time of imprisonment. The real question, as the court held, was whether appellant was financially able to comply with the decree, and although the court heard affidavits *pro* and *con* as to the appellee's mode of life since the divorce, which affidavits were largely in respect to appellee's conduct, we think the view of the court, that the main question was as to appellant's financial ability, was correct. Having carefully read and considered all the evidence, which it would serve no useful end to refer to in detail, we cannot say that the conclusion of the court that appellant is financially able to comply with the decree, is manifestly against the evidence. On the contrary, we are inclined to concur in the court's conclusion.

In support of the contention that the order of commitment is invalid, in not fixing a definite time of imprisonment, appellant's counsel cite Billingsly v. The People, 86 Ill. App. 233; Kahlbon v. The People, 101 ib., 567; and People v. Pirfenbrink, 96 Ill., 68, none of which is applicable to the order in question. The order in the Billingsly case was that Billingsly should remain in jail until he had complied with

an order to turn over certain property, which he had not in his possession, and did not contain the element of his release by due process of law. The order in the Kahlbon case was like that in the Billingsly case, and the court quotes, with approval, Rapalje on Contempts, sec. 129, as follows: " The better opinion seems to be that the order of commitment should name a definite term of imprisonment in all cases, when the imprisonment is inflicted as a punishment for the contempt, and not as a means to compel the party to do some act required of him by the court."

In this case the sentence of imprisonment was evidently a means to compel appellant to pay the overdue alimony, and not merely as a punishment.

In People v. Pirfenbrink, *supra*, the order was that one Hinckley stand committed to the county jail until the further order of the court. The imprisonment was intended as a punishment, and not as a means of compelling Hinckley to do something which the court required him to do, as is clearly shown in the opinion, and, therefore, should have been for a definite time. In cases like the present, in which the imprisonment is merely for the purpose of requiring a party to do something which he has been ordered by the court to do, the fixing a definite term of imprisonment might defeat the purpose intended, as the party might prefer to serve the specified term, rather than obey the order.

The judgment will be affirmed.

*Affirmed.*