Margaret A. Bonney, Defendant in Error, v. Charles L. Bonney, Plaintiff in Error.

## Gen. No. 14,595.

1. APPEALS AND ERRORS—*what not subject to consideration.* The validity of the record or the validity of a judgment thereon in a former appeal cannot be questioned in a writ of error proceeding to review a further judgment or decree based thereon.

2. APPEALS AND ERRORS—*when diminution of record should be suggested.* If an omission appears in the transcript as filed a party is in no position to complain thereof if he has failed to suggest a diminution and thus had the omission supplied.

3. APPEALS AND ERRORS—*when motion to strike supplemental record denied.* A motion to strike a supplemental record will be denied if such record contain matters which were before the trial court at the hearing and which should have been contained in the original transcript.

4. CONTEMPT—*when order of commitment not erroneous.* An order of commitment made for the purpose of compelling obedience to an order providing for the payment of alimony is not erroneous in failing to fix a definite term of imprisonment or in limiting such term "until discharged according to law."

Attachment. Error to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed October 29, 1909.

CHARLES L. BONNEY, *pro se.*

THOMAS S. McCLELLAND, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Plaintiff in error seeks by this proceeding to reverse a decree entered by the Circuit Court on March 10, 1905, directing an attachment to issue against the plaintiff in error for his failure and refusal to pay the defendant in error the sum of $5000 alimony, as provided in the decree of that court entered in the cause December 19, 1899.

It appears from the record that defendant in error obtained a decree of divorce from plaintiff in error on December 19, 1899. The subjects of the care and custody of their children, alimony, etc., were by the decree reserved for further consideration. Later, on the same day, the parties again appeared before the court and a decree was entered granting the defendant in error alimony. December 29, 1900, defendant in error filed her petition in the Circuit Court in the divorce proceeding, alleging that plaintiff in error had failed and refused to pay to defendant in error $5000 for alimony as provided in the decree, and praying that plaintiff in error be ruled to answer the petition, and to show cause why he should not be attached for contempt, etc. The Circuit Court, on motion of the petitioner to redocket the cause and for a rule as prayed by her petition, overruled the motion and dismissed the petition on the ground that her remedy was by an action at law on certain notes mentioned in the alimony decree. Defendant in error prosecuted an appeal from that order to this court and the decree was reversed and the cause remanded with directions. Bonney v. Bonney, 98 Ill. App. 129.

Upon the cause being redocketed in the Circuit Court plaintiff in error was ruled to answer the petition and to show cause why he should not pay the alimony. Plaintiff in error filed his answer December

13, 1901, and also his cross-petition which, on motion, was stricken from the files December 31, 1901.

Defendant in error filed exceptions to the answer of plaintiff in error to her petition, and on March 4, 1902, her exceptions were sustained by the court, and on March 10, 1905, the court entered the decree which this writ of error is prosecuted to reverse.

It is urged that the true and genuine decree of the Circuit Court was not taken before and presented to this court on the former appeal, but only a "mutilated and bogus" copy thereof was included in the record, and therefore the Circuit Court erred in redocketing the cause and entering the rule to show cause.

This point cannot be raised on this appeal. The validity of the record before this court or the validity of its judgment thereon in a former appeal of this cause cannot be questioned or challenged on this writ of error. The writ now before the court requires us to examine the record of the Circuit Court in this cause, not the record of this court on a former appeal or writ of error. An appellate court has no power to review its own judgments except on a petition for rehearing, presented in accordance with the rules established for that purpose. Reed v. West et al., 70 Ill. 479; Ogden v. Larrabee, Admr., 70 *id.* 510; Boggs v. Willard, 70 *id.* 315.

The decision of this court on the former appeal is *res adjudicata* of most of the assignments of error on this record, and the contentions of plaintiff in error in support thereof. Amongst other things it settles and determines the legal effect of the alimony decree in the cause adversely to the contentions of plaintiff in error on this record. It also determined the right of defendant in error to proceed against plaintiff in error by the summary process of attachment for the nonpayment of the notes mentioned in the decree, instead of resorting to a suit at law thereon.

The contention is that the record filed in this court in the first appeal, omitted the word "*the*" before the

word *"notes"* in the decretal part of the alimony decree. That is to say, the decree as certified by the clerk of the Circuit Court to this court read:

"It is therefore ordered, adjudged and decreed by the court, that the complainant have and take the said money, and the proceeds of said real estate and notes, executed by the defendant," etc., instead of reading:

"It is therefore ordered, adjudged and decreed by the court that the complainant have and take the said money, and the proceeds of said real estate and *the* notes, executed by the defendant," etc.

This omission of the word *"the"* is the basis of the charge of *"fraud"* and of the claim that the decree as incorporated in the record on the first appeal, made the decree *"fictitious," "bogus," "fraudulent"* and *"not genuine."*

We think, in the first place, that if the word *"the"* was material to the construction and meaning of the decree, the appellee, in that appeal, should have suggested a diminution of the record and had the omitted word supplied. He did not pursue his obvious remedy and must abide by the consequences.

Secondly, the omission of the word did not change the meaning or the legal effect of the decree. It was a consent decree in the language and terms of the parties, and considering the whole decree and the obvious intention of the parties employing the language used, it is clear, we think, that that intent is expressed, and the same intent is expressed, whether the word *"the"* be used before the word "notes," or is omitted.

It is urged that the decree of March 10, 1905, is defective and erroneous in that it does not fix a definite term of commitment, and does not provide for a commitment "until discharged according to law," or by words of like effect. Plaintiff in error cites in support of this proposition Billingsley v. The People, 86 Ill. App. 233; McDonald v. The People, 86 *id.* 558; and Kahlbon v. The People, 101 *id.* 567.

The imprisonment in this decree is inflicted clearly as a means to compel plaintiff in error to pay the alimony provided for in the alimony decree, and not as a punishment for contempt of court. Rapalje on Contempts, sec. 129, says that although the authorities are not uniform upon the question, yet "the better opinion seems to be that the order of commitment should name a definite term of imprisonment in all cases when the imprisonment is inflicted as a punishment for the contempt, and not as a means to compel the party to do some act required of him by the court." This distinction, based upon the purpose of the order, is recognized by the authorities; and in Czarra v. Czarra, 124 Ill. App. 622, this court pointed out the reason why the cases cited by plaintiff in error were inapplicable to the decree under review, which like the decree now before us, was a civil contempt to enforce payment of overdue alimony. As said in that case: "In cases like the present, in which the imprisonment is merely for the purpose of requiring a party to do something which he has been ordered by the court to do, the fixing a definite term of imprisonment might defeat the purpose intended, as the party might prefer to serve the specified term, rather than obey the order."

We are not impressed with the contention that the time of imprisonment provided in the order before us should be limited by the words, "until discharged according to law," or words of like import, and that the failure to so qualify the imprisonment makes the order erroneous. We have not overlooked what is said on this point in the Billingsley and McDonald cases, *supra.* In the McDonald case a fine was imposed and imprisonment in default of payment, and this court properly held that the order should be definite and clear in all its terms.

As to the omission from the order of the words "until discharged according to law," or words of like

import, we think they would not have added anything to the order, and that their omission, therefore, did not change or affect the legal effect of the order. As held by this court, Mr. Presiding Justice Waterman speaking for the court, in Kanter v. Clerk of the Circuit Court, 108 Ill. App. 287, at page 304 of the opinion: "As no person can be imprisoned if 'discharged according to law,' it is not apparent how the words, 'until he is discharged according to law,' can affect, add to or take from the order of commitment."

Speaking of this clause frequently added to commitment orders, the Missouri Court of Appeals, In the Matter of Clark, 126 Mo. App. 391, at page 403 of the opinion, say: "This clause is entirely unnecessary to entitle the party committed to his discharge from jail on compliance with the statute in respect to the discharge of insolvent persons confined in jail for non-payment of fines and costs or either. These statutes are not put in operation by any commitment or any order of the court, nor can they be suspended at the whim of the court."

We have searched for the reason and authority for this supposed essential and saving clause to commitment orders, but without success. We can conceive of no valid reason for it, nor can we understand how it saves any rights to the person committed. As suggested by the language quoted from the Clark case, supra, the clause does not put in operation any provisions of law either statutory or common law. The omission of the clause does not repeal or suspend any such provisions. The right to be released from custody upon purging himself of the contempt by any process and upon any ground known to the law is assured to plaintiff in error under this order as fully and perfectly as if such right had been stated at large in the order.

In our opinion the Circuit Court had jurisdiction of the subject-matter and of the parties in the proceedings before us. Plaintiff in error did not show cause in

response to the rule laid upon him. Confessedly the alimony was due and unpaid, and no legal excuse was shown why it should not be paid by plaintiff in error. Having carefully read and considered all the evidence, which it would serve no useful purpose or end to discuss in detail, our conclusion is that it justifies and warrants the findings of the decree, and the order for attachment, and the decree must be affirmed.

A motion was made by plaintiff in error to strike from the files the supplemental record filed herein by defendant in error on November 10, 1908, together with the supplemental abstract and brief of defendant in error filed herein. This motion was taken with the cause.

The matters shown in the supplemental record relate to the same matters involved in the decree sought to be reversed and set aside by this proceeding. The record contains affidavits and other matters which were before the court on the hearing and upon which the decree was entered. They should have been shown in the original record. The motion to strike is therefore denied.

*Affirmed.*