Dwayne Voss, Plaintiff-Appellant, *v.* Elza Brantley, Warden, Menard Branch, Illinois State Penitentiary *et al.*, Defendants-Appellees.

(No. 72-57;

Fifth District—August 15, 1973.

Dwayne Voss, *pro se.*

William J. Scott, Attorney General, of Chicago, (James B. Zagel, Assistant Attorney General, of counsel,) for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a final order entered by the Circuit Court of Randolph County dismissing the complaint of the plaintiff, Dwayne Voss.

The complaint was filed by the plaintiff while confined as an inmate in the Illinois State Penitentiary, Menard Branch, at Chester, Illinois. The defendants named in the complaint are Elza Brantley, Warden, Menard Branch, Illinois State Penitentiary, and Herbert Gentsch, Record Clerk, Menard Branch, Illinois State Penitentiary.

The cause of action was based upon Ill. Rev. Stat. 1971, ch. 63, sec. 4, which provides:

> "Any sheriff or other officer or person having custody of any prisoner committed on any civil or criminal process of any court who shall neglect to give such prisoner a copy of the process or order of commitment by which he is imprisoned within six hours after demand made by the prisoner, or anyone on his behalf, shall forfeit to the prisoner or party aggrieved not exceeding $500.00."

From the pleadings it appears that on September 29, 1971, the plaintiff submitted a typewritten request to the prison Record Clerk's Office asking for a complete copy of the *mittimus* which was issued in his case.

On Friday, October 1, 1971, not having received the requested *mittimus*, the plaintiff made a second request. On October 1, 1971, the plaintiff was informed by Mr. Gentsch that he was unable to obtain the requested *mittimus*. Then, on Monday, October 4, 1971, the plaintiff received a copy of the Record of Conviction which had the words "penitentiary mittimus" incorporated in its heading and an incomplete copy of the Indictment.

The plaintiff alleges that he desired the *mittimus* for the purpose of preparing a post-conviction petition.

On October 14, 1971, the plaintiff filed his complaint in this cause. The defendants answered on November 17, 1971, stating that the request for *mittimus* was made on October 1, 1971, and not on September 28, 1971; and further, that the plaintiff agreed to wait until October 4, 1971, for the *mittimus* and indictment. Further, the defendants stated that they mistakenly believed that the "Official Statement of Facts" was not to be given the plaintiff, but have clarified from the attorney for the Department of Corrections that this should have been included and thus a "true and correct copy" was given to the plaintiff on November 11, 1971.

The plaintiff filed on November 19, 1971, a "Traverse to Defendant's Answer" in which he exhibited a copy of the written request for the *mittimus* dated September 28, 1971, containing signatures of two security officers as witnesses. The traverse further alleged that he had not received a complete copy of the *mittimus*.

The Circuit Court of Randolph County on November 24, 1971, dismissed the complaint ordering that:

> "Now on this 24th day of November, 1971, being one of the

regular judicial days of the Circuit Court of Randolph County, the Court having examined the Complaint of the Plaintiff and the Answer of the Defendants together with the other pleadings in said case finds that the matters requested by the Plaintiff have now been furnished to him by the Defendants herein and the Court therefore finds that there is no further issues to be resolved in this matter and this case should be dismissed.

It is THEREFORE ORDERED, ADJUDGED AND DECREED that this cause is hereby dismissed."

The plaintiff has brought this appeal and urges that the court erred in several particulars.

■■ First, did the plaintiff receive a full and complete copy of his *mittimus*: The plaintiff incorrectly asserts that the statute in question. (Ill. Rev. Stat., ch. 65, sec. 4,) requires a "full and complete copy". A reading of the statute requires that a "copy of the process or order of committment by which he is imprisoned be furnished." The finding by the trial court that the plaintiff received what are the requested materials will not be disturbed by this court.

■■ Next, the plaintiff asserts that a mandatory injunction should be issued upon the prison to compel statutorily defined duties. Inasmuch as the finding of the trial court is correct that the defendants have complied with their statutory duties, although belatedly, the assertion is without merit.

The plaintiff's next two contentions shall be considered as one. The plaintiff asserts that the court erred in its order wherein it stated that "all issues have been resolved", and also that the court erred in failure, as provided by the statute in question, to award the statutory forfeiture to the plaintiff. A "brush off" is hardly a resolution of facts or the applicable law.

■■ The court failed to make any findings as to whether there was any neglect on the part of the defendants as provided in the statute. If neglect is found, then the court must include in its order any findings on whether or not an award should have been made to the plaintiff. Nor has the court made any findings of fact with regard to the *timeliness* of delivery of the *mittimus*. We note a considerable difference in six hours, the time required by the statute, and the more than 30 days when the "true and correct copy" was furnished, and then only after plaintiff was forced to resort to the court for the relief to which he was entitled.

Without fixing the amount to which the plaintiff may be entitled, we note that the plain reading of the words of the statute gives to the court below some discretion as to the amount, if any, that the defendants shall

forfeit, *i.e.*, "shall forfeit to the prisoner or party aggrieved not exceeding $500.00".

██ The court below may well find it within its discretion not to award the plaintiff a $500 forfeiture; however, the court should incorporate findings in its order to justify its action.

We therefore reverse the order of dismissal and remand to the court below for further proceedings not inconsistent with this opinion.

Reversed and remanded.

G. MORAN and JONES, JJ., concur.