RICKEY STONE, Petitioner-Appellant, v. JAMES CHRANS, Warden, *et al.*, Respondents-Appellees.

Fourth District No. 4—85—0307

Opinion filed April 3, 1986.

Rickey Stone, of Chicago, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones-Stewart, Solicitor General, and Candida Miranda, Assistant Attorney General, of Chicago, of counsel), for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Petitioner, Rickey Stone, an inmate of the Pontiac Correctional Center, appeals the circuit court's order granting respondents' motion to strike the portion of petitioner's complaint which requested money damages. The court found the claim for money damages was within the sole jurisdiction of the Illinois Court of Claims (Ill. Rev. Stat. 1983, ch. 37, par. 439.1 *et seq.*) and ordered the prayer for money damages stricken. We affirm.

On October 24, 1983, petitioner by institutional mail requested a copy of his mittimus papers. On October 31, 1983, a call pass issued to allow petitioner to receive the documents. On December 26, 1984, petitioner filed a petition for a writ of *mandamus* naming James Chrans, warden of the Pontiac Correctional Center, and Patrick O'Shea, records custodian of the Pontiac Correctional Center, as respondents. Petitioner alleged respondents had violated section 10—105 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 10—105) by not forwarding his mittimus papers within six hours of the demand and requested $500 money damages.

On April 4, 1985, the respondents moved to strike the damages claim and admitted the remaining allegations of the petition. The petitioner then moved for judgment on the pleadings, which the court allowed. A writ of *mandamus* issued, ordering respondents to provide petitioner with a copy of the mittimus, process, or order of commitment within six hours as provided in section 10—105 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 10—105.) On May 2, 1985, petitioner appealed the court's order striking his damages claim and filed a *pro se* brief in this court.

Section 10—105 of the Code of Civil Procedure states:

"Copy of process. Any sheriff or other officer or person having custody of any prisoner committed on any civil or criminal process of any court who shall neglect to give such prisoner a copy of the process or order of commitment by which he or she is imprisoned within 6 hours after demand made by the prisoner,

or any one on behalf of the prisoner, shall forfeit to the prisoner or party affected not exceeding $500." Ill. Rev. Stat. 1983, ch. 110, par. 10—105.

In determining whether a cause of action is against the State, the court is not bound solely by the formal identification of the parties. Rather, the court is to analyze the particular issues involved and relief sought. (*Hudgens v. Dean* (1979), 75 Ill. 2d 353, 388 N.E.2d 1242.) When the State will be directly and adversely affected by the judgment or decree, making the State the real party against whom relief is sought, the suit is against the State. (*Hudgens v. Dean* (1979), 75 Ill. 2d. 353, 388 N.E.2d 1242.) A cause of action brought against an officer or agency with relation to matters in which the defendant represents the State in action and in liability, even though the State is not a party to the record, is in effect a cause of action against the State. (*Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237; *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131; see generally *American Federation of State, County & Municipal Employees, AFL-CIO v. Giordano* (1983), 114 Ill. App. 3d 142, 448 N.E.2d 269.) Here, petitioner sued the warden and records keeper for failure to perform their duties as State employees. The cause of action is, therefore, against the State. *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237; *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131.

The Illinois Constitution of 1970 abolished sovereign immunity "[e]xcept as the General Assembly may provide by law." (Ill. Const. 1970, art. XIII, sec. 4.) The legislature provided that except as provided under the provisions of the Court of Claims Act, the State shall not be made a party or defendant in any court. (Ill. Rev. Stat. 1985, ch. 127, par. 801.) Section 8 of the Court of Claims Act states:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the state founded upon any law of the State of Illinois ***." (Ill. Rev. Stat. 1985, ch. 37, par. 439.8.)

The court of claims has exclusive jurisdiction to determine petitioner's claim. We are not persuaded that *Voss v. Brantley* (1973), 13 Ill. App. 3d 672, 300 N.E.2d 581, requires the contrary conclusion. In *Voss*, the court did not address the issue involved in the instant case.

For the above reasons, we affirm the circuit court.

Affirmed.

MORTHLAND and SPITZ, JJ., concur.