(No. 86-CC-3575–

WILLIE WILSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 2, 1988.*

WILLIE WILSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JIM MAJORS, Assistant Attorney General, of counsel), for Respondent.

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner, and this Court being fully advised in the premises,

Finds that on March 17, 1986, the Claimant, Willie Wilson, a prisoner at the Danville State Correctional Center, made a written demand on the warden of that institution for a copy of his *mittimus* on March 17, 1986, at 8:00 a.m. A second request was made on March 19, 1986, at 8:00 a.m. Claimant requested his *mittimus* so he could file a petition for *habeas corpus*. The *mittimus* was delivered to Claimant on March 21, 1986, at 4:00 p.m. Therefore, it is undisputed that Claimant did not receive his *mittimus* papers in six (6) hours as required by statute.

Evidence from the employees of the institution indicated that Claimant's request came shortly after the institution was opened and no procedures were in place to comply with *mittimus* requests within the six-hour time limit. Employees of the institution did not intentionally delay the delivery; they did not know of the statute or the six-hour time limit until this lawsuit was brought.

Claimant testified that he requested the *mittimus* on March 17, 1986. He wanted to file a writ of *habeas corpus*. In 1981, Claimant was incarcerated with the

Illinois Department of Corrections out of Cook County. On January 23, 1982, Claimant requested and received a copy of his *mittimus* papers while at the prison in Pontiac, Illinois. Claimant filed for a writ of *habeas corpus* prior to coming to Danville from Stateville Correctional Center. He never filed a writ after March 17, 1986, when he requested a copy of his *mittimus* papers. On November 25, 1986, at the time of hearing, Claimant was still working on his writ.

This is a case of first impression in the Illinois Court of Claims. There are four (4) cases in the State courts which have dealt with section 10—105 of the Code of Civil Procedure (Ill. Rev. Stat., ch. 110, par. 10—105). They are: *People v. Perfenbrink* (1879), 96 Ill. 68, *Reardon v. People* (1907), 123 Ill. App. 81, *People v. Green* (1917), 281 Ill. 52, and *Voss v. Brantley* (1973), 13 Ill. App. 3d 672.

The Respondent argues the Court of Claims has no jurisdiction of this cause and that the claim must be brought by the Attorney General or State's Attorney. Such a reading of the statute is too restrictive as the forfeiture is to inure to the benefit of the prisoner and any amounts recovered must without deduction be paid to the prisoner. The Claimant may proceed in the Court of Claims and may proceed *pro se*. For the Attorney General to represent Claimant would put Respondent in a position of legal conflict which is certainly not the intent of the law. The statute is clear that a sheriff or other officer or person having custody of any prisoner must deliver the *mittimus* to the prisoner within six (6) hours of demand. The purpose of the Act puts the onus of those incarcerating persons to get papers to prisoners in short order so they may seek *habeas corpus* relief, a relief specifically protected by the constitution.

In this case, the Claimant did receive his *mittimus* papers on his first request while he was in the custody of the Department of Corrections at Pontiac. His first petition for *habeas corpus* had been denied. The Claimant has suffered no real damages from the failure of the Danville administration to deliver the *mittimus* papers within six (6) hours as he had not even filed a writ by November 1986. The failure to comply with the statute was not intentional, but due to the newness of the institution and its employees who were developing procedures.

Under *Voss v. Brantley* (1973), 13 Ill. App. 3d 672, damages may be assessed from 01/100, ($.01) to five hundred dollars, ($500.00). Respondent's violation of the statute was a mere technical violation, and Claimant has suffered no real damages.

It is hereby ordered that an award of one dollar and 0/100 ($1.00) is hereby entered in favor of Claimant, said award being in full and complete satisfaction of Claimant's complaint.