# Michael C. McDonald et al. v. The People, etc.

1. Contempt—*What is Not a Sufficient Ground to Purge.*—Where a party has knowledge of the command of the court, and acts in disregard of it and by way of obstructing its enforcement, the fact that another, an officer of the court, contemplated a like disregard, will not be a sufficient ground to purge him of contempt.

2. Same—*Sufficiency of Orders Imposing Fines, etc.*—An order imposing a fine and imprisonment for contempt of court must designate some one to whom such fine should be paid, and the time of imprisonment should be limited by the provision, "or until discharged according to law."

**Proceedings for Contempt.**—Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in this court at the March term, 1899. Reversed. Opinion filed January 18, 1900.

**Statement.**—This is an appeal from an order which finds appellants guilty of a contempt of the court and imposes a fine upon each of appellants as punishment therefor. The act held to be a contempt was the obtaining of a writ of replevin and the securing of a seizure of property thereunder after the court had, in the proceeding here involved, ordered such property to be taken possession of and sold by an officer of the court, viz., a master in chancery. The answer of the appellants to a rule upon them to show cause sets up, as an excuse for thus interfering with the process of the court, that they had been informed by the master in chancery that he did not intend to obey the direction of the court, and that he would decline to take possession of the property as ordered by the court. It appears that appellants had knowledge of the order of the court directing the master to take possession of the property when they sued out the writ of replevin and directed the levy upon this property.

The order appealed from is in part as follows:

"Wherefore it is ordered, adjudged and decreed, that in their acts and doings aforesaid, the said Michael C. McDonald,

James Bowlan and Edward Maher were and are, and each of them was and is in contempt of this court, and each of them was and is guilty of obstructing the lawful process thereof ; and it is further ordered, adjudged and decreed, that the said Michael C. McDonald, James Bowlan and Edward Maher be each fined the sum of $250, and to stand committed to the county jail of Cook county until the same shall be paid."

A. B. Jenks and Edward Maher, attorneys for appellants.

L. A. Gilmore and Frank P. Blair, attorneys for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

It is urged by counsel for appellants that their answer to the rule to show cause, presents a sufficient ground to purge them from any contempt. It is contended in effect that, although they were aware of the order of the court directing its master in chancery to take possession of the property in question, yet, because that officer had informed them that he would not obey the court in this behalf and would decline to take possession of the property, therefore they also were warranted in disregarding the court's order, and in seizing the property in despite of the same. The position is not tenable. Appellants, having actual knowledge of the command of the court as to this property, acted in disregard of it, and by way of obstructing its enforcement; and that another, an officer of the court, contemplated a like disregard, would not, if true, avail them anything.

There are several grounds of objection to the form of the order. First, it is contended that the order is faulty in that it fails to designate any one to whom the fines shall be paid. Secondly, that the order is faulty in that it fails to fix a limitation of the imprisonment by the qualification " or until discharged according to law," or words of like effect. And, thirdly, it is contended that the order is erro-

neous in that it in effect orders the imprisonment of each appellant until the fines imposed upon all shall be paid.

We are of opinion that each contention is of some force.

The order, to have been proper in form, should have designated some one to whom the fines should be paid. Smith v. Tenney, 62 Ill. App. 571; The Albany City Bank v. Schermerhorn, 9 Paige, 372.

In each of these cases the order was coercive in its nature and to enforce the performance of some act, while in this case the order is solely by way of punishment for an act done. In the New York case the fine discussed was one which might have been ordered paid to any one of several in private or public interest. But in the case of any order, requiring the payment of a fine and imposing imprisonment in default of payment, the order should be definite and clear in all of its terms, that it may be understood precisely what the party committed must do to procure his discharge. It is therefore proper that the order should designate the one to whom payment of the fine may be made.

The time of imprisonment should have been limited by the further provision, "or until discharged according to law," or by words of like effect. Billingslee v. The People, No. 8483, decided at this term and not yet reported.

The order is faulty in each of these particulars. But it is unnecessary to decide whether either of them would of itself afford sufficient ground for reversing this order, since we are of opinion that the third ground of objection makes such a reversal necessary.

The order in effect provides that the imprisonment of the appellants shall continue until the fines are paid. It is a joint order in this respect, not a separate order as to payment by each respondent of his individual fine as a condition of his discharge. Under such provision the imprisonment of each appellant might continue not only until his own fine, but as well until his co-respondents' fines, were fully paid. An order which so provides, or which is so far ambiguous as to be capable of such construction, can not be sustained.

We are of opinion that the terms of this order are such as make it erroneous in this respect. By reason of this conclusion, it is unnecessary to consider other questions raised. The order is reversed.