## Eli W. Gilbert v. The People of the State of Illinois.

1. PUBLIC HIGHWAYS—*statute concerning obstruction of, construed.* The statute which makes it a criminal offense to obstruct public highways, etc., does not apply to the obstruction of private highways.

2. INSTRUCTIONS—*must be predicated upon the issues.* Instructions in a criminal case must be predicated upon the issues; otherwise they are erroneous.

3. INSTRUCTIONS—*should not contain abstract propositions of law.* Instructions in a criminal case should not contain abstract propositions of law, and where they violate this rule and tend to confuse and mislead, they are erroneous and ground for reversal.

4. FINE—*jury unauthorized to fix amount of.* In a prosecution for an obstruction of a highway, it is improper to authorize the jury

to fix the amount of fine to be imposed in the event of guilt found.

5. CONCLUSIONS—*when admission of, not ground for reversal.* Where the court permits the conclusions of a witness to be given, such action will not result in reversal where it appears that the facts upon which the conclusions were based were subsequently put in evidence.

6. PUBLIC PROSECUTIONS—*by whom should be conducted.* The state's attorney should conduct all public prosecutions and it is error for him to permit other counsel employed and paid by private parties to act in his stead, especially where they have not been appointed by the court.

7. AMENDMENT—*information capable of.* An information in a criminal case is properly amendable with respect to matters of form.

Prosecution for obstruction of highway. Error to the County Court of Montgomery County; the Hon. M. J. McMURRAY, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed June 7, 1905.

JETT & KINDER, for plaintiff in error.

L. V. HILL, State's Attorney, for defendant in error; Lane & Cooper, of counsel.

MR. JUSTICE GEST delivered the opinion of the court.

The State's Attorney of Montgomery county filed in the County Court of that county an information of two counts against the plaintiff in error charging him with obstructing a certain described highway which is designated in the first count as a public highway and in the second count as a private highway. Upon a trial by jury a verdict was rendered finding him guilty and imposing a fine of one cent and the court entered judgment against him for one cent and costs.

The information is based upon sub-division 5 of paragraph 221 of the Criminal Code concerning nuisances which reads as follows: "It is a public nuisance to obstruct or encroach upon public highways, private ways, streets, alleys, commons, landing places and ways to burying places." The penalty fixed for causing such a nuisance is a fine not more than one hundred dollars. Hurd's Statutes of 1903, page 657. The defendant entered his motion to quash the in-

formation and each count thereof and the court overruled
the motion. The motion should have been sustained as to
the second count. That count charges the defendant with
obstructing a "private highway." The statute above quoted
makes it an offense to obstruct public highways and private
ways, not private highways. A private highway is unknown
to the law of this state. Upon the trial the court gave the
following instruction to the jury on behalf of the people:

"The court instructs the jury as a matter of law that it
is a public nuisance to obstruct or encroach upon the public
highways, private ways, streets, alleys, commons, landing
places and ways to burying places and in this case if you
believe from the evidence beyond a reasonable doubt that
the road in question is either a public highway or private
way and that the defendant erected or constructed a fence
across the same, then it is your duty to find the defendant
guilty."

No count in the information charged the defendant with
obstructing a private way. It was error to give that in-
struction. So far as we are able to discover from the ab-
stract in this case the alleged way is a *cul de sac* and the
land over which it runs was many years ago owned by one
William Banning. One Hermann owned land at its term-
inus. Hermann desired a way out to a public highway ly-
ing east and running north and south. Banning also wanted
a way to that highway to accommodate a forty-acre tract
lying south-west and which would be adjacent to the pro-
posed way. It is claimed by the people that the way runs
west from said highway for a quarter of a mile and then
turns and runs north to the Hermann land and was first
established by these parties to accomplish their said wishes;
that Banning dedicated the way and that the dedication was
afterwards accepted by the proper authorities, or that at least
it became a highway by prescription. It is also claimed that
one Bowles became the owner of the land which was owned
by Hermann at the time of the first using of the way and
as such owner had acquired a right of private way therein
appurtenant to his land. The defendant is in the occupancy

of the tract of land over which the way runs and it is con-
ceded he erected the fence complained of. There is evi-
dence in the record tending to show that the alleged way
had become a public highway by dedication or prescription,
and there is evidence tending to show that Hermann or
some successor to his title had acquired a private way on
the route as alleged but there is no evidence showing who
the Bowles was or is that subsequently became the owner
of the Hermann land or how or when he became the owner
or that there is privity of title between him and Hermann.
Without privity of title between successive owners there is
no continuity of possession. Jones on Easements, section
197. The evidence on all material matters except the erec-
tion of the so-called obstruction is very loose, indefinite and
unsatisfactory. Even if the second count of the informa-
tion charged obstruction to a private way appurtenant to
the so-called Bowles land we could not sustain a conviction
on that count on the evidence in this record. It is not
necessary for us to determine whether the evidence is suf-
ficient to sustain a verdict upon the first count. The court
instructed the jury: "If the defendant is found guilty the
form of your verdict should be: 'We, the jury, find the
defendant guilty in manner and form as charged in the in-
formation and fix his fine at the sum of   *   *   *   dollars.
(Insert in the blank the amount of the fine.)'" The jury
were not authorized to fix the fine but that part of the ver-
dict was surplusage. Under this instruction the jury were
directed to find the defendant guilty as charged in the in-
formation if they found him guilty under either count. It
is not possible to tell whether they found him guilty under
the first or second count or both counts. The defendant of-
fered an instruction directing the jury to find the defend-
ant not guilty as charged in the second count but the court
refused it. The giving of this instruction would not have
cured the mischief caused by the refusal to quash the second
count and the subsequent admission of evidence thereunder.
Sixteen instructions were given on behalf of the People, one
of which is a copy of the first section of the Road and Bridge

Act, (Hurd's Statutes, page 1585) and seven others are mere abstract propositions of law calculated only to confuse or mislead the jury and should not have been given. The fifth instruction asked by defendant correctly states that it was incumbent upon the People to prove that the alleged highway was a public highway but the court modifies it by adding the words "or private way" and in this there was error as we have above stated. The eighth instruction asked by defendant was also modified by the court and the modification is complained of. As asked it was plainly bad and properly refused. As modified and given it remained bad but no worse and should not have been given. The two remaining instructions asked by defendant were properly refused by the court. Certain evidence was offered by defendant and refused and certain other evidence for defendant had been admitted and was subsequently stricken out and this action of the court is complained of. The court committed no error in that regard; the evidence was manifestly inadmissible. The court denied the motion of defendant to strike out certain answers made by the witness Joel Banning. The motion should have been allowed. The answers were mere conclusions of the witness, but we do not think any injury came to the defendant thereby; his subsequent examination and cross examination remedied any mischief in that respect. It appears from this record that one William Bowles originated this prosecution, that he employed the law firm of Lane & Cooper and they prepared the information, and submitted it to Mr. Hill, the state's attorney, and he signed and filed it in the County Court. The state's attorney did not thereafter personally appear in court at any stage of the proceedings in this cause but Lane & Cooper appeared and conducted the prosecution throughout. The defendant pleaded misnomer in abatement and the People by Lane & Cooper asked and obtained leave to amend and did amend the information. It also appears that Lane & Cooper before making the amendment were verbally directed by the state's attorney to make it and in his name, the state's attorney then being engaged in another court. The defendant objected to

the making of the amendment by Lane & Cooper on the grounds, first, that the information was not amendable; second, that the State's Attorney only was authorized to make it, and moved to strike the amended information from the files, but the court overruled the objection and the motion. The information was amendable. Truitt v. The People, 88 Ill., 518; Long v. The People, 135 Ill., 435. We are not inclined to look with favor upon the practice of conducting public prosecutions by private counsel employed by private parties, and in the absence of the State's Attorney. The statute provides for the appointment by the court of a prosecuting attorney in cases when the State's Attorney is not in attendance. The sixth section of chapter 14, Revised Statutes, is as follows: "Whenever the attorney general or state's attorney is sick or absent, or unable to attend, or is interested in any cause or proceedings, civil or criminal, which it is or may be his duty to prosecute or defend, the court in which such cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding; and the attorney so appointed shall have the same power and authority, in relation to such cause or proceeding, as the attorney general or state's attorney would have had if present and attending to the same." The statute makes no provision for the appointment by the state's attorney of an assistant or deputy, and no authority is vested by statute in private counsel to appear and prosecute a criminal case in the absence of the state's attorney except when appointed by the court, and when so appointed he ceases to be private counsel and becomes vested with all the power of the state's attorney and burdened also with his obligations. The state's attorney is not the attorney of the complaining party or of any individual. He is the representative of the people and is forbidden by law to take any fee or reward from any private person for the performance of his official duties. Section 6a chapter 14, Revised Statutes. In this case neither Lane nor Cooper was appointed by the court to prosecute and neither of them was competent to be appointed because they were employed by a private person for

a consideration to prosecute. The person appointed by the court becomes state's attorney for that case and gets his compensation as such. The law forbidding compensation to a state's attorney by private parties is a wise one. He is public prosecutor, not a private prosecutor. The law on this general subject is discussed by the Supreme Court in Hayner v. The People, 213 Ill., 147. In the case at bar we discover nothing reprehensible in the conduct of the case by Lane & Cooper, who conducted the prosecution. Our remarks have no personal application. If the cause shall be again tried and the state's attorney not be present, the court should make its order appointing some attorney to conduct the case on behalf of the people.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*