The People of the State of Illinois, Defendant in Error, v. Joseph A. Landes et al., Plaintiffs in Error.

1. JUDGMENTS—*when in criminal case erroneous.* A judgment in a criminal prosecution which orders both defendants convicted committed to jail until the fine and costs of each of them is paid, is erroneous.

2. STATE'S ATTORNEYS—*when question of propriety of prosecution by, cannot be raised.* If the interest of the state's attorney prosecuting an offense is such as to disqualify him, such question should be raised in the trial court and cannot be first raised on appeal.

3. STATE'S ATTORNEYS—*when disqualified to prosecute.* A state's attorney with a personal interest in the result of the prosecution should not be permitted to prosecute the same.

4. LIBEL—*what evidence not competent in criminal prosecution.* Held, that various items of evidence introduced in a prosecution for conspiracy to libel, were not competent.

5. EVIDENCE—*what not impeachment.* A witness cannot be successfully impeached by mere direct contradiction of his testimony. Successfully to impeach a witness by direct contradiction, it is essential that the misstatement of such witness shall have been wilful and that it shall have been related to a material issue in the case.

6. INSTRUCTIONS—*when as to impeachment erroneous.* An instruction relative to the impeachment of witnesses is erroneous if it singles out the witnesses of one side.

7. CONSPIRACY—*effect of declaration of conspirator.* The acts and declarations of one conspirator are only binding upon the other where such acts or declarations not only pertain to but are in furtherance of the common object.

Prosecution for conspiracy to libel, etc. Error to the Circuit Court of McLean county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed October 25, 1909.

STONE & OGLEVEE, for plaintiff in error.

SIGMUND LIVINGSTON, for defendant in error; JAMES C. RILEY, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a writ of error prosecuted by Joseph A. Landes and George M. McIntosh, defendants, for the purpose of having reviewed a judgment of conviction under an indictment which charged them with having unlawfully and feloniously conspired and agreed together to maliciously defame and impeach the honesty, integrity and reputation of one William R. Bach, by writing, printing and publishing certain false, scandalous, malicious and defamatory libel of and concerning him, the said Bach, with intent thereby then and there to expose the said Bach to public hatred, contempt, ridicule and financial injury, contrary to the statute, etc. The defendants each entered a plea of not guilty.

Upon a trial by jury a verdict was returned finding both defendants guilty. Judgment was entered upon such verdict, and each of the defendants fined the sum of $2000 and costs. The judgment further provided that the defendants should stand committed and that they be confined in the county jail of McLean county until the fine and costs of each defendant was paid.

There was evidence introduced by the People tending to establish each and every material allegation of the

indictment. It is not controverted that the defendant Landes wrote, had printed and circulated a number of circulars attacking the official record of William R. Bach, the State's Attorney of McLean county, as well as his honesty, integrity and reputation as a private citizen. It is contended, however, that the evidence fails to disclose a conspiracy between him and McIntosh as charged in the indictment, and further, that the charges contained in the circulars in question were true and were published with good motives and for justifiable ends, and evidence was introduced by them to establish such defense. It is obvious that if the acts which it is alleged the defendants conspired to do were not wrongful, no conviction could be sustained thereunder, and to this end the court properly permitted the defendants to justify under the statute. Such justification was an affirmative defense, and it was necessary that it should be proved by the defendants and meet the precise charges made. People v. Fuller, 238 Ill. 116.

As the judgment of the Circuit Court must be reversed for errors hereinafter indicated, we shall not detail or discuss the evidence further than to say that the evidence adduced by the prosecution tending to show a conspiracy, was sufficient to warrant the court in submitting the issues to the jury for determination.

The portion of the judgment which orders both defendants committed to jail until the fine and costs of each of them is paid, is clearly erroneous. Under such provision the imprisonment of each might continue not only until his own fine was satisfied, but also until that of his co-defendant was paid. McDonald v. People, 86 Ill. App. 558; Kanter v. Clerk of Circuit Court, 108 Ill. App. 287.

Inasmuch as the State's Attorney was for obvious reasons disqualified from acting, the People were represented on the trial by Sigmund Livingston, assistant State's Attorney and partner of William R. Bach,

complaining witness, in the practice of law. One of the grounds assigned for a new trial was that said Livingston had no right under the law to act as counsel for the People in said proceedings, and such objection is again urged in this court. The question was not raised until after the trial, and cannot now be raised for the first time. If the cause shall be again tried, propriety will require that some disinterested and qualified attorney shall by appointment of the court conduct the case on behalf of the People. Hayner v. People, 213 Ill. 142, 147; Gilbert v. People, 121 Ill. App. 423, 428.

The court over objection admitted in evidence certain reports of a committee of the city council of the city of Bloomington, and of the grand jury, both to the effect that the charges made in the circular letters against Bach were in the judgment of the members of such bodies untrue. This was manifest error. The court also permitted the deputy circuit clerk of McLean county to read from the records of said court a recital of the return of a former indictment against the defendant McIntosh for libel; also admitted in evidence the records of the police court of the city of Bloomington showing that the defendant McIntosh had been tried upon the charge of disorderly conduct, found guilty, and fined. Such evidence was so palpably incompetent as not to require the citation of authority. The trial court further erred in permitting the attorney representing the People to cross-examine the defendant McIntosh concerning other alleged misconduct on his part which was wholly irrelevant to the issues on trial. We think exhibit ''J'' in connection with the proof of handwriting, was competent as tending to show malice on the part of McIntosh.

Complaint is made of the following instructions which the court gave at the instance of the People:

''6. In determining the guilt or innocence of the defendants you are to consider the entire evidence in the case, but you are at liberty to disregard the state-

The People v. Landes et al., 151 Ill. App. 180.

ments of such witnesses (if any there be) as have been successfully impeached, either by direct contradiction or by proof of general bad reputation for truth and veracity, unless the statements of such witnesses are corroborated by other credible evidence in the case.

"7. If you believe from the evidence beyond a reasonable doubt that any witness for the defense has wilfully and knowingly sworn falsely to any material fact in issue, then you have a right to disregard his entire testimony except wherein it is corroborated by other credible evidence in the case.

"21. You are instructed that it was not incumbent upon the prosecution to prove that the charges contained in the pamphlets are false, but is the duty of the defendants, if they attempt to justify the libels, to prove them to be true by evidence."

The sixth instruction is erroneous in that it might lead the jury to believe that a witness can be successfully impeached by mere direct contradiction of his testimony. Successfully to impeach a witness by direct contradiction it is essential that the misstatement of such witness shall have been wilful and that it shall have related to a material issue in the case. Beedle v. People, 204 Ill. 197; Godair v. Ham Nat. Bank, 225 Ill. 572. The seventh instruction relative to impeachment is misleading for the reason that it singles out the witnesses for the defendants. Had the instruction applied to all witnesses in the case alike it would have been proper to give the same. Godair v. Ham Nat. Bank, *supra.* The twenty-first instruction is also bad. The acts and declarations of one conspirator are only binding on the other where such acts or declarations not only pertain to but are in furtherance of the common object. Spies v. People, 122 Ill. 15. The eighteenth instruction correctly stated the law. People v. Fuller, *supra.*

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*