Frederick M. Harris, Appellant, v. Rachel Harris, Appellee.

## Gen. No. 15,160.

1. CONTEMPT—*when order of commitment sufficiently definite. Held,* that the order of commitment in this case, by construction, was sufficiently definite and that such informality as appeared would not justify a reversal.

2. CONTEMPT—*when Appellate Court will modify order of commitment.* If an order of commitment provides for the imprisonment to commence from the date thereof so that by virtue of an appeal its operation might be defeated, the Appellate Court will modify such order so that notwithstanding the appeal, it will upon affirmance become effective.

3. APPEALS AND ERRORS—*when costs of additional abstract taxed against appellant.* If an additional abstract is required by reason of a·

mistake in the appellant's abstract, the cost thereof will be taxed against such appellant.

Divorce. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1908. Affirmed as modified. Opinion filed June 16, 1910.

EDWARD H. MORRIS, for appellant.

MICHAEL LYONS, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order of the Circuit Court adjudging appellant guilty of a contempt of court in not paying appellee, his divorced wife, the sum of $156 alimony, due her under the terms of a decree of divorce previously entered.

The record before us discloses that appellant was discharged on his answer to a former rule upon him to show cause why he should not be adjudged in contempt of court for the nonpayment of $1,955.50 due under the same decree. The amount of $156, for the nonpayment of which appellant was found guilty of contempt of court, accrued under the decree subsequent to the larger amount involved in the proceedings in which he was discharged.

Appellant contends that the chancellor erred in finding him guilty and in committing him for contempt, and that the order itself is erroneous.

The facts set forth in appellee's petition for a rule upon appellant to show cause were sufficient to justify the entry of the rule, and uncontradicted, as they were, ample to warrant the court in dealing with him for the contempt charged. Appellant submitted himself to the jurisdiction of the court and was present in court personally and by counsel at the hearing and when the committal order was entered; therefore the only question remaining for us to decide is the validity of the order.

The learned counsel for appellant says in his brief: "To

have made this order certain, it seems to counsel submitting this brief, it should have so provided for the discharge of plaintiff in error upon the payment of $156 at any time during the six months." We are not inclined to disagree in the main with this statement. Our divergence from the path which counsel treads lies in our interpretation of the order itself. We think what counsel contends should be in the order, is there, while not in actual words, yet by fair interpretation. The language of the order is that appellant "be committed to the common jail of Cook county, there to remain, charged with said contempt for the term of six months or until he pay the sum of one hundred and fifty-six dollars or until released by due process of law." If he paid the money at once, he need not go to jail. If he does go to jail, by the letter of the order and the reasonable construction of the word used, his imprisonment ends by payment, and the sheriff could not justify a continued detention for any time after payment. While the order might have been drawn with a little more formality, with the imprisonment part of the order following a recitation of failure to pay the amount found due, instead of preceding it, still we do not find it susceptible of any different or other construction than it would have been had it been couched in more formal terms. There is no escaping the plain and apparent fact that the amount found due is a certain sum, and the imprisonment to be endured is for a certain term in case of non-payment, and just as plainly to end upon payment at any time after imprisonment commences. We think the order in question fully meets the standard announced in Kanter v. Clerk of the Circuit Court, 108 Ill. App. 287, in these words: "An order of commitment to jail should be so definite and certain as to continuance of the imprisonment that thereby the sheriff is with certainty informed as to when he is to set at liberty the subject of the order."

The order appealed from is so worded as to make the delay consequent upon this appeal destructive of the punishment by imprisonment. It now reads, "for the term of six months from the date hereof." To allow this to pass

without modification would be lending our aid in defeating instead of promoting justice. This we cannot consent to do. The order appealed from will be modified by striking therefrom the words "from the date hereof" in the last paragraph thereof, preceding the prayer for and allowance of an appeal to this court.

Appellee by leave filed an additional abstract, which was necessary to cure a mistake appearing in appellant's abstract.

The order of commitment of the Circuit Court, before us for review, as modified is affirmed, and appellant is ordered to pay all the costs of this appeal, including that of the additional abstract.

*Affirmed as modified.*