Chester A. Bowles, Administrator, Office of Price Administration, for and on behalf of the United States, Appellee, v. Beatrice Alexenburg et al., Individually and as Co-partners, Trading as Harper Market, Appellants.

Gen. No. 43,574.

10

Opinion filed April 24, 1946.   Rehearing denied
June 5, 1946.   Released for publication June 5, 1946.

GOLAN & GOLAN and EDGAR A. JONAS, all of Chicago,
for appellants.

AMOS J. COFFMAN, Regional Attorney, and GEORGE
E. LEONARD, Regional Litigation Attorney, for appel-
lee; JACOB COHEN, Chief, Appellate Unit, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion
of the court.

This is a consolidation of two actions under the
Emergency Price Control Act of 1942 (56 Stat. 23;
50 U. S. C. A. App. sec. 901, et seq.).   Under section
925 (a), (c) plaintiff is authorized to apply for in-
junctions in State courts.   Under section 925f (2)
he has authority to petition a State court for the sus-
pension of licenses of those under his jurisdiction
where he has reason to believe that violation of the
provisions of a license to do business, or regulations,
etc. have been repeated.   In the first proceeding com-
menced in September, 1944, an injunction issued re-
straining defendants from violating ceiling prices
upon meat.   These prices were established pursuant
to regulations promulgated by plaintiff under author-
ity of the Act.   After warning, the second proceeding
was begun in March, 1945, seeking suspension of de-
fendants' license which had theretofore been issued
by plaintiff under the Act.   March 27, 1945 the same
violations alleged in the suspension proceeding were
made the basis of a petition for a rule to show cause
why defendant should not be held in contempt of court
for violation of the injunction issued in the original
action.   April 30, 1945 the suspension and contempt

proceedings were consolidated. May 24, 1945 after a hearing the trial court suspended defendant's license for sixty days; and adjudging defendants guilty of contempt, fined Beatrice Alexenburg and Albert Alexenburg $200 each, and sentenced Max Alexenburg to the County Jail for a period of sixty days. Defendants have appealed.

The central question is whether the contempt proceeding is civil or criminal. This is so because the order does not recite the presence of defendants when the order was entered. If the contempt is civil, there is no requirement that the order contain that recital. Defendants contend that plaintiff, representing an Agency of the United States, cannot maintain civil contempt proceedings. Plaintiff contends to the contrary and insists that, in Illinois, proceedings for violation of prohibitory injunction must be civil.

Few facts are needed for an understanding of the issues. Defendants' business is located in Chicago, and amounts to about $200,000 annually. The amounts of the excesses over ceiling prices in the transactions specified as violations are relatively insignificant. The violations alleged as a basis for the injunction in the original action were admitted. The injunction issued pursuant to stipulation.

There is no dispute that contempt proceedings in this State for violation of a prohibitory injunction are civil in nature. This has been repeatedly held to be the rule. *Loven v. The People,* 158 Ill. 159; *O'Brien v. The People,* 216 Ill. 354; *Flannery v. The People,* 225 Ill. 62; *O'Brien v. International Ladies Garment Workers Union,* 214 Ill. App. 46. These cases hold that contempt proceedings for violation of a prohibitory injunction, seek to advance a remedy and, only incidentally, to vindicate public justice and are, therefore, civil contempt proceedings.

Plaintiff had the right to sue in the United States District Court or in the courts of this State.

Having chosen the courts of this State, he is bound by their procedures. *Parthun v. Elgin J. & E. Ry. Co.*, 325 Ill. App. 408. The issue on the contempt proceeding involves a matter of procedure. *Rothschild & Co. v. Steger Piano Co.*, 256 Ill. 196, 207. If plaintiff cannot maintain a civil contempt proceeding, therefore, he cannot maintain contempt proceedings in this State for violations of injunctions which he is authorized by Congress to sue out of State courts.

To sustain their contention defendants rely on *Bowles v. Camillaci*, 53 Fed. Supp. 976; and *Federal Trade Commission v. A. McLean & Son, et al.*, 94 Fed. (2d) 802. The first case was decided by a United States District Court in the State of New York. The second by the United States Circuit of Appeals for the 7th District. In the *McLean case* the Circuit Court decided that an Agency of the United States could not maintain a civil contempt proceeding since it represented no private interest of its own and could not avail itself of procedures intended to safeguard the interests of private persons. The United States Supreme Court in *McCrone v. United States of America*, 307 U. S. 61, decided that the United States can maintain the civil proceedings. The contention had been made that the United States and its agents could not do so. It is true that in that case the Collector of Internal Revenue was seeking information in an income tax matter under specific authority of Congress. The Supreme Court, however, in a footnote expressly refers to the *Federal Trade Commission v. McLean case* in rendering the *McCrone* decision. We think that the *McCrone case* is decisive of the central issue in this case. Unless that decision were the rule, the authority given plaintiff by Congress to apply to State courts for injunctions to enforce the Emergency Price Control Act, would be ineffective indeed.

The proceeding was treated as a civil contempt in the trial court. Defendants did not seek to file an

answer so as to purge themselves. They made the motion for the consolidation of the proceedings, and we assume had in mind at the time the rule they now insist on, that a criminal contempt hearing cannot be joined with the hearing in a civil proceeding. There was no objection to the hearing of testimony on the contempt matter. They, themselves, produced testimony.

We find the contempt proceedings were civil in nature. Violations alleged as the foundation of that proceeding were likewise the foundation of the suspension proceedings. Defendants moved to consolidate and they cannot now complain of the consolidation. Since the contempt proceeding was civil, the consolidation served to expedite disposal of both proceedings.

The contempt order provided that "Max Alexenburg be sentenced to the County Jail for sixty days. . . . Let capias issue and be stayed until June 10, 1945." Complaint is made that the order does not limit the jail sentence by means of the words, "or until discharged according to law." These words are not necessary. They could neither benefit nor prejudice Max Alexenburg. *Bonney v. Bonney,* 151 Ill. App. 221; *Kanter v. Clerk of the Circuit Court,* 108 Ill. App. 287. We also think the sentence is definite.

Defendants Beatrice and Albert Alexenburg contend that the contempt order is void as to them since it fails to name anyone to receive the fine imposed upon them. They rely upon *Smith v. Tenney,* 62 Ill. App. 571; *McDonald v. The People,* 86 Ill. App. 558; *The People v. Saylor,* 238 Ill. App. 142; and *Farwell v. Horton,* 301 Ill. App. 372 to sustain the contention. In all but the *Farwell case* the contempt orders provided either for jail sentences until the fines were paid, or jail sentences unless the fines were paid. The order was reversed in the *Smith case* because no

notice was given to Smith of the application for the contempt order and because the order was defective in that it was wholly incapable of performance for want of a person to receive payment of the fine. In the *McDonald case* the court found reversible error in a provision under which the imprisonment of each of three respondents might continue, not only until his own fine, but those of the others were fully paid. The court said the order was defective in failing to name someone to receive the payments of the fines because where imprisonment is imposed in default of payment of a fine, the contemnor should be able to understand from the order precisely what he must do to obtain his discharge. It further said it was unnecessary, in view of the reversible error noted, to decide whether failure to name someone to receive payments of fines was of itself reversible error. In the *Saylor case* the order was held void for failure to set out the facts stating the offense of which respondents were found guilty. The court added on authority of the *McDonald case,* "the order should also state to whom the fines are payable . . . ." In the *Farwell case* respondent was sentenced to imprisonment and ordered to pay a fine. The court held, citing the *McDonald* and *Saylor cases,* that that part of the order fining respondent was defective "in not stating to whom the fine was payable."

Plaintiff points out that following the *Smith* and *McDonald cases,* the Appellate Court in *Oster v. People,* 94 Ill. App. 288, held that the *Smith* and *McDonald cases* should be modified to the extent that it should not be held reversible error where the contempt order fails to designate a person to whom the fine should be paid. The court there held that the Schools Act, in sections in effect at the time of the instant proceeding, as Secs. 238–243 [pars. 261–266], Chap. 122, Ill. Rev. Stats. 1943 [Jones Ill. Stats. Ann. 123.330 *et seq.*], supplied the deficiency. The defend-

ants do not deny that these sections were effective at the time of the instant trial.

Defendants contend that in the *Saylor* and *Farwell cases*, the Appellate Courts followed the *McDonald* and *Smith cases* and not the *Oster case*. Neither the *Saylor case* nor the *Farwell case* gave or referred to the reason, announced in the *McDonald case*, underlying the holdings in the *Smith* and *McDonald cases*. It is plain that the reason is not applicable in the instant case where there is no imprisonment linked to the fines.

In view of the sections of the School Act referred to, under which the fines in this case were payable to the County Superintendent of Schools, we believe that the *Oster case* is the proper precedent for us to follow. We, therefore, conclude there is no merit in defendants' contention.

Defendants say that the order is not definite and clear so as to be understood by them or to show authority of the court to make the order. The record in this case contains the pleadings leading to the hearing upon the contempt matter. The transcript of the testimony on the violations is before us. The order of contempt recites the court's jurisdiction, its full advice, the hearing of the evidence and the finding that its injunction of November 1, 1944 was violated by defendants' sales of meat in excess of the ceilings. We believe in this respect the order was sufficient as a basis for the fines and sentence. We believe also that the order is understandable.

We believe there is no merit to defendants' contentions that the order of suspension of defendant's business is disproportionate to the offense. They say, at worst the testimony showed but $7.00 in excess sales, and that sixty days suspension would result in a loss of $34,000 in business. Defendants stipulated to the entry of the injunction, thereby admitting guilt in violating the O.P.A. regulations. Thereafter,

before the suspension or contempt proceedings were initiated, defendants were warned of repeated violations. The amount of the excesses in the violations proved is unimportant. There is no contention the suspension exceeds the limit of the Emergency Price Control Act. There is no contention made that the sixty day sentence is excessive.

The orders of the Circuit Court are affirmed.

*Orders affirmed.*

LEWE and BURKE, JJ., concur.